**BICKERTON LAW GROUP, LLLP**
A LIMITED LIABILITY LAW PARTNERSHIP

JAMES J. BICKERTON          3085
ROBERT S. MIYASHITA         9509
JEREMY K. O'STEEN          10682
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 800
Honolulu, Hawai'i 96813
Telephone: (808) 599-3811
Facsimile: (808) 694-3090
Email: bickerton@bsds.com; miyashita@bsds.com; osteen@bsds.com

Attorneys for Plaintiff
DIMOSTHENI PAPAKIPIS

**Electronically Filed
SECOND CIRCUIT
2CCV-20-0000225
24-AUG-2020
01:06 PM**

## IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| DIMOSTHENI PAPAKIPIS,<br><br>Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC. dba SAFEWAY;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10;<br>DOE PARTNERSHIPS 1-10; DOE LIMITED<br>LIABILITY COMPANIES 1-10;<br>DOE BUSINESS ENTITIES 1-10;<br>DOE GOVERNMENTAL ENTITIES 1-10;<br>and DOE UNINCORPORATED<br>ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

## COMPLAINT

COMES NOW Plaintiff DIMOSTHENI PAPAKIPIS, by and through his undersigned attorneys, BICKERTON LAW GROUP, LLLP, and for a Complaint against Defendants SAFEWAY, INC. dba SAFEWAY; JOHN DOES 1-10, JANE DOES 1-10, DOE

**EXHIBIT A**

CORPORTATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE LIMITED LIABILITY COMPANIES 1-10, DOE BUSINESS ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE UNINCORPORATED ASSOCIATIONS 1-10, alleges and avers as follows:

### PARTIES TO THE CAUSE OF ACTION

1. Plaintiff DIMOSTHENI PAPAKIPIS (hereinafter "Plaintiff" or "Mr. Papakipis") at all times relevant hereto was and is a resident of Haiku, Hawai'i.

2. Defendant SAFEWAY, INC. dba SAFEWAY (hereinafter "Defendant Safeway") regularly conducts business within the state of Hawai'i. Upon information and belief, at all relevant times hereto, Defendant Safeway, Inc. was and/or is a foreign profit corporation doing business under the laws of the state of Hawai'i. Among other things, Defendant Safeway, Inc. owned, leased, possessed, operated, maintained, managed, controlled, and/or occupied a Safeway store located at 1090 Ho'okele Street, Kahului, Hawai'i 96732.

3. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORTATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE LIMITED LIABILITY COMPANIES 1-10, DOE BUSINESS ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE UNINCORPORATED ASSOCIATIONS 1-10 are named under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with Defendants and are agents, servants, employees, employers, representatives, co-workers, co-venturers, associates or independent contractors of Defendants, and/or were in some manner responsible for the injuries or damages to Plaintiff and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or his attorneys. Plaintiff has been unable to identify said Doe Defendants despite due diligence which included client interviews, reviewing incident records and reviewing internet records.

Plaintiff prays for leave to certify their true names, identities, capacities, activities and/or responsibilities when the same are ascertained.

## STATEMENT OF JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to HRS § 603-21.5, and has personal jurisdiction over Defendant pursuant to HRS § 634-35.

5. Venue is appropriate in the Second Circuit Court of the State of Hawai'i pursuant to HRS § 603-36.

## STATEMENT OF MATERIAL FACTS

6. At all times relevant herein, Defendant Safeway owned, leased, possessed, operated, maintained, managed and exercised dominion and control over its Safeway store located at 1090 Ho'okele Street, Kahului, Hawai'i 96732, and invited patrons and customers, including Plaintiff Mr. Papakipis, and members of the public into said location, and benefitted, financially or through other means, as a result of purchases of goods and services and accommodations including Mr. Papakipis and members of the general public.

7. On or about February 21, 2020, Mr. Papakipis was a customer and patron of Defendant Safeway on the premises owned, leased possessed, operated, maintained, managed, controlled, and/or occupied by Defendant, located at 1090 Ho'okele Street, Kahului, Hawai'i 96732 (hereinafter "Subject Property").

8. On or about February 21, 2020, Mr. Papakipis was grocery shopping in the Safeway store owned, leased, possessed, operated, maintained, managed, controlled, and/or occupied by Defendant, located on the Subject Property.

9. On or about February 21, 2020, Mr. Papakipis was looking at groceries contained in fridge/freezers near the area where the registers were located. As Mr. Papakipis walked towards the registers, unexpectedly and without warning, slipped and fell backwards with tremendous force onto the hard tile, sustaining serious and permanent injuries including but not limited to injuries to his head, back, and hips (hereinafter "Subject Incident").

10. As a result of the above subject incident as described in the above paragraphs, Mr. Papakipis suffered injuries and damages, including but not limited to physical injuries, pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, medical expenses, lost wages, disfigurement, and all other nonpecuniary losses or claims, and any and all other special and general damages to be proven at trial.

11. Mr. Papakipis' injuries are permanent and she will incur future pain, suffering, disability, and medical expenses.

## COUNT I - NEGLIGENCE/GROSS NEGLIGENCE

12. The allegations made in the foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

13. On or about February 21, 2020, Mr. Papakipis was caused to slip and fall on a slippery walking surface located within the foreseeable customer/pedestrian/general public path of travel.

14. At all times relevant hereto, Mr. Papakipis exercised all appropriate due care and in no way contributed to the occurrence of the subject incident and/or his injuries and damages.

15. At all times relevant hereto, Mr. Papakipis was a paying customer and/or patron and/or general public.

16.     At all times relevant hereto, Mr. Papakipis was a person reasonably anticipated to be on the Subject Property when the subject incident occurred.

17.     As part of its operations, Defendant has a duty to maintain the walkway areas and areas of ingress and egress to ensure a safe customer/pedestrian/general public path of travel. As the entity responsible for choosing its own mode of conducting its business and its mode of how it operates, maintains and controls its property or premises, including the maintenance of walkways or customers' paths of travel within and while on the subject property, Defendant owed a legal duty to Mr. Papakipis to take all reasonable steps to ensure that its modes of operation were carried out such that they did not adversely impact upon the safety and well-being of its customers and patrons, including Mr. Papakipis while on Defendant's premises.

18.     Specifically, Defendant owed a legal duty to Mr. Papakipis to use reasonable care to ensure its modes of operation were safely carried out such that Defendant took actions to reduce, minimize or eliminate foreseeable or known risks on its property before such risks manifested themselves as dangerous conditions on its property or premises.

19.     Defendant and its employees and/or agents knew or reasonably should have known prior to Plaintiff's fall that a slippery surface located within the foreseeable customer path of travel with no signage or adequate warnings or notice, posed an unreasonable risk of harm to persons such as Mr. Papakipis.

20.     Defendant and its employees and/or agents negligently and/or grossly negligently caused, created, and/or maintained the unreasonable risk of harm on the subject premises.

21. Defendant and its employees and/or agents had a duty to not create this dangerous condition and unreasonable risk of harm on the subject premises.

22. Defendant and its employees and/or agents had a duty to prevent or eliminate this dangerous condition prior to the incident and negligently and/or grossly negligently failed to do so.

23. Defendant and its employees and/or agents had a duty to warn Mr. Papakipis about the dangerous condition prior to the fall and negligently and/or grossly negligently failed to do so.

24. Defendant and its employees and/or agents had a duty to safeguard Mr. Papakipis against the dangerous condition prior to the fall and negligently and/or grossly negligently failed to do so.

25. Defendant is vicariously liable to Mr. Papakipis for the aforesaid negligence and/or gross negligence of their employees and/or agents under the doctrine of *respondeat superior* and/or principles of agency.

26. The aforesaid negligence and/or gross negligence of Defendant's employees and/or agents occurred within the course and scope of their employment with Defendant and/or in their capacity as agents of Defendant.

27. Defendant's conduct was a substantial factor and a legal cause of the injuries and damages sustained by Plaintiff as herein alleged and Defendant is liable to Mr. Papakipis for the injuries and damages legally caused by the conduct alleged herein in an amount to be proven at trial.

28. Plaintiff's aforesaid injuries and damages were directly and proximately caused by the aforesaid negligence and/or gross negligence of Defendant, its employees and/or agents.

29. As a result of Defendant's breaches of its duties of care, Mr. Papakipis suffered significant head, back, and hip injuries and other serious physical injuries, profound, pronounced and prolonged physical pain and suffering, and loss of enjoyment of life, among other damages. As a further result of Defendant's conduct, Mr. Papakipis has incurred medical and rehabilitative expenses, lost income and future earning capacity, and severe mental and emotional distress.

## COUNT II – PUBLIC NUISANCE

30. The allegations made in the foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

31. The slippery surface located within the foreseeable customer/pedestrian path of travel where Mr. Papakipis fell was a public place where the general public as invited to and frequently walked.

32. The slippery surface located within the foreseeable customer/pedestrian path of travel created a dangerous condition in a public place, and therefore constituted a public nuisance.

33. Defendant, by their employees and/or agents, created and/or maintained the public nuisance on the subject premises.

34. Defendant and its employees and/or agents, knew or reasonably should have known of the public nuisance on the subject premises and failed to remove it or safeguard Mr. Papakipis against it.

35. Mr. Papakipis, a member of the general public, sustained serious and permanent injuries and damages hereinabove described as a direct and proximate result of the public nuisance and is entitled to recover damages from Defendant therefor.

WHEREFORE, Plaintiff prays that this Court enter a Judgment in his favor against Defendant(s), jointly and severally if and where appropriate, which includes the following relief:

A) An award of special damages in an amount to be shown at trial;

B) An award of general damages in an amount to be shown at trial;

C) An award of punitive damages in an amount to be shown at trial;

D) An award of pre- and post-judgment interest;

E) An award of attorneys' fees and costs of the action; and

F) Such other and further relief as this Court deems just and proper and as may be permitted at law.

DATED:  Honolulu, Hawai'i, August 24, 2020.

/s/ Robert S. Miyashita
JAMES J. BICKERTON
ROBERT S. MIYASHITA
JEREMY K. O'STEEN

Attorneys for Plaintiff
DIMOSTHENI PAPAKIPIS

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| DIMOSTHENI PAPAKIPIS,<br><br>Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC. dba SAFEWAY;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10;<br>DOE PARTNERSHIPS 1-10; DOE LIMITED<br>LIABILITY COMPANIES 1-10;<br>DOE BUSINESS ENTITIES 1-10;<br>DOE GOVERNMENTAL ENTITIES 1-10;<br>and DOE UNINCORPORATED<br>ASSOCIATIONS 1-10,<br><br>f          Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Plaintiff DIMOSTHENI PAPAKIPIS, by and through his attorneys, BICKERTON LAW GROUP, LLLP hereby demands trial by jury on all issues triable herein.

DATED:   Honolulu, Hawaiʻi, August 24, 2020.

/s/ Robert S. Miyashita
JAMES J. BICKERTON
ROBERT S. MIYASHITA
JEREMY K. O'STEEN

Attorneys for Plaintiff
DIMOSTHENI PAPAKIPIS

| STATE OF HAWAI'I CIRCUIT COURT OF THE SECOND ☑ CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | |
|---|---|---|
| **CASE NUMBER** | **PLAINTIFF'S NAME & ADDRESS, TEL. NO.** DIMOSTHENI PAPAKIPIS c/o Bickerton Law Group, LLLP 745 Bishop Street, Suite 801 Honolulu, Hawaii 96813 Tel.: (808) 599-3811 | |
| **PLAINTIFF** DIMOSTHENI PAPAKIPIS | | |
| **DEFENDANT(S)** SAFEWAY, INC. dba SAFEWAY, et al. | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to filed with the court and serve upon

James J. Bickerton, Robert S. Miyashita, Jeremy K. O'Steen
Bickerton Law Group, LLLP
745 Fort Street, Suite 801, Honolulu, Hawaii 96813

_____,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

DATE ISSUED _____

Effective Date of 07-Oct-2019
Signed by: /s/ D. Pellazar Clerk,
2nd Circuit, State of Hawai'i



In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Second Circuit Court Administration Office at PHONE NO. 244-2800, FAX 244-2849, at least ten (10) working days prior to your hearing or appointment date

Form CC-CV-DIV-???